**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

VELMA PRIDEMORE,
Plaintiff-Appellant,

v.                                                              No. 95-2839

USAIR, INCORPORATED,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CA-95-26-A)

Submitted: September 10, 1996

Decided: October 8, 1996

Before WILKINS, HAMILTON, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John W. Davis, Washington, D.C., for Appellant. Marni E. Byrum,
Arlington, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Velma Pridemore, an employee of USAir, filed suit against USAir alleging discrimination based upon race, age, and retaliation. After completion of discovery, USAir moved for summary judgment. The district court granted the motion, and this appeal followed. We affirm.

Pridemore began work in USAir's finance department in 1989. USAir hired her to work in payroll on garnishment and direct deposit systems. Pridemore's position required substantial phone contact and communication skills. Pridemore's first two performance evaluations reflected that she exhibited poor judgment, a rude and abrupt manner, and a need for better cooperation, attitude, and patience. She was eventually transferred to a position in the payroll department. Her supervisors, Thomas Stiles and John Reece, counseled Pridemore that she continued to need improvement in the same areas.

During this time, from 1990 to 1993, USAir had a company-wide salary freeze in effect. When the freeze was lifted, not every employee received a pay increase, and the amounts of pay increases among employees were not equal. Pridemore received a lower percentage increase than some other employees in the finance department, and received the lowest increase of any employee in payroll.

Pridemore asked Stiles why she received a lower rate of increase. Stiles responded that an evaluation had been conducted on Pridemore's work. Pridemore stated that she did not receive a copy of the evaluation. Twice Stiles said that he would discuss it with her, but she refused. After Stiles's second offer, Pridemore loudly stated, "[i]t's not going to change the color of my skin." Soon after, Stiles met with Pridemore regarding her raise and the comment Pridemore made alleging discrimination. Stiles encouraged Pridemore to speak with the employee relations office if she thought that she had been discriminated against. Pridemore decided not to file a discrimination claim and to "leave things the way they were."

Stiles wrote Pridemore a formal memorandum stating that he felt it was poor judgment to suggest racial discrimination and not follow

2

up on the claim. He related that such behavior could negatively impact morale. Pridemore responded to the memorandum and Reece replied to Pridemore's response. Stiles continued to counsel Pridemore that she had a recurring problem in her attitude and that it was limiting her employment opportunities at USAir. No other action was taken.

In April 1994, Pridemore, a United States Naval reservist, was called up for active duty. Immediately before her departure, a Senior Tax Accountant submitted his resignation. While Pridemore was on military leave, USAir posted a Career Opportunity Bulletin (COB) for the Senior Tax Accountant position. The COB closed before Pridemore returned. Upon her return, Pridemore asked to be considered for the position. Stiles encouraged Pridemore to apply and, although under company policy she should not have been considered for the position because the COB had closed, Pridemore was interviewed for the position. USAir hired another candidate.

In June 1994, Pridemore received a performance evaluation covering 1992 to 1994. The overall rating was again fully competent, a middle-range rating. The evaluation noted improvement in relating to peers, average job performance, and continuing problems in the areas of judgment and attitude. Pridemore expressed concern regarding the evaluation and met with Ann Greer-Rector, vice-president and controller of finance, and Carter Hagen, manager of EEO, regarding problems with her job. Greer-Rector asked Pridemore if she thought she was being discriminated against. She said no. Greer-Rector undertook her own investigation of Pridemore's situation and found that the June 1994 evaluation was justified.

Pridemore discussed her claims with the Arlington (Virginia) Human Rights Commission in August 1994. She eventually filed a complaint with the EEOC in January 1995. She filed an amended complaint in the district court in February 1995 alleging violations of 42 U.S.C.A. § 1981 (West 1994), 42 U.S.C.A.§ 2000e-2 (West 1994), and 29 U.S.C. § 621 (1988). USAir moved for summary judgment, and the district court granted the motion.

I

Pridemore alleges that the district court erred by failing to accept and consider all of the evidence proffered by her as true, by refusing

3

to draw all reasonable inferences in her favor, and by resolving factual disputes without conducting a trial. The facts Pridemore claims are in dispute are the accuracy of performance appraisals, whether she made out a prima facie case of race and age discrimination, and whether there is a nexus between a protected activity and an act of reprisal.

This court reviews a grant of summary judgment de novo. Farwell v. Un, 902 F.2d 282, 287 (4th Cir. 1990). Summary judgment is proper "'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). Conclusory statements of injury are not enough to survive summary judgment. The nonmoving party must rebut affidavits and like factual proof with evidentiary materials as permitted by Fed. R. Civ. P. 56(c). Id. at 324. In determining whether the movant has established that no genuine issues of material fact exist, a court must assess the factual evidence and all inferences to be drawn in a light most favorable to the party opposing the motion. Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985). If there is a complete failure of proof of an essential element of the non-moving party's case, the remaining facts are rendered immaterial. Celotex, 477 U.S. at 323.

Pridemore claimed that the court improperly resolved on the pleadings the issue of whether she carried her burden of proof on her discrimination claims. The district court assumed without deciding that she had made out a prima facie cases of race and age discrimination. The determination of whether a plaintiff has met her burden in making out a prima facie case is a legal question that the district court may assess prior to trial. See Fed. R. Civ. P. 56(c).

Pridemore's second argument regarding resolution of disputed facts involves whether performance evaluations executed by her supervisors were accurate reflections of her job performance. Pridemore's brief does not cite to any admissible evidence on the record to put the accuracy of evaluations in dispute. Conclusory statements by counsel, without supporting admissible evidence, are not enough to survive summary judgment. Pridemore did not counter the Defen-

4

dant's assertions with evidentiary materials as permitted by Fed. R. Civ. P. 56(c). See Celotex, 477 U.S. at 324. In addition, Pridemore failed to put forth evidence of pretext, as further discussed below. Failure to prove an essential element of the non-movant's case renders the remaining facts non-material. Id. at 323. We therefore find that the district court properly applied summary judgment law in reaching its decision.

II

Pridemore bases her race and age discrimination claims upon her failure to receive the promotion to Senior Tax Accountant in 1994 and her comparatively low pay increase after the salary freeze was lifted in 1993. Under the allocations of burdens of proof and production under McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), the plaintiff-employee must first prove a prima facie case of discrimination. If successful, the defendant-employer has an opportunity to present a legitimate, non-discriminatory reason for its employment action. If successful, the burden shifts back to the employee to show that the defendant's proffered non-discriminatory reason for its employment action was, in reality, a pretext for a discriminatory motive. St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 511 (1993). Following that three-step framework, the district court assumed without deciding that Pridemore made out a prima facie case of both race and age discrimination. It also found that USAir articulated reasonable, non-discriminatory reasons for refusing to promote Pridemore and granting her a limited pay increase. The court held, however, that Pridemore did not meet her burden of demonstrating that USAir's proffered reasons were pretextual.

Because the district assumed without deciding that Pridemore made out a prima facie case of discrimination, USAir must present a legitimate, non-discriminatory reason for its decisions. The district court cited Pridemore's performance evaluations as support for USAir's decisions. We agree; job performance is widely recognized as a valid, non-discriminatory base for any adverse employment decision. See Evans v. Technologies Applications & Service Co., 80 F.3d 954, 960 (4th Cir. 1996). Because USAir presented a legitimate, non discriminatory reason for its employment actions, the burden shifted back to Pridemore to show that the defendant's proffered non-discriminatory

5

reason for the adverse employment action was, in reality, a pretext for a discriminatory motive. St. Mary's Honor Ctr. , 509 U.S. at 507-08.

Pridemore's evidence falls short of that needed to overcome summary judgment. Pridemore has presented no sworn evidence contesting the Defendant's legitimate, non-discriminatory reason for its employment decisions. While Pridemore alleges that she was the only black person and the only person over the age of forty in her department, she does not allege that the pay increases implemented after the salary freeze were granted in a discriminatory manner. Therefore, this claim lacks merit.

"In a failure to promote case, the plaintiff must establish that she was the better qualified candidate for the position sought." Evans, 80 F.3d at 960. During Pridemore's deposition she spoke of the circumstances surrounding her interview for the Senior Tax Accountant position. She admitted that the problems and complaints about her attitude and communication skills were raised and discussed. However, she did not allege that she was more qualified than the person who received the job offer. In addition, although Stiles encouraged her to apply for the position and arranged for the interview, under USAir policy Pridemore was not eligible for the position because the COB closed before her return from active duty with the Naval Reserves. Accordingly, we find that Pridemore has not shown a genuine issue of race or age discrimination and affirm the district court's grant of summary judgment on this issue.

III

Finally, Pridemore claimed that she was retaliated against for voicing her concern that her limited pay increase was due to racial discrimination. Pridemore alleges that Stiles's memo reprimanding her for making accusations of discrimination without following up on them and the negative performance evaluation in 1994 were acts of retaliation for engaging in a protected activity.

To prevail on her retaliation claim, Pridemore must show "(1) that she engaged in protected activity, (2) that [USAir] took adverse employment action against her, and (3) that a causal connection existed between the protected activity and the adverse action."

6

<u>Williams v. Cerberonics, Inc.</u>, 871 F.2d 452, 457 (4th Cir. 1989) (citing <u>Ross</u>, 759 F.2d at 365). Once Pridemore establishes her prima facie case, the Defendant can rebut it with proof of some legitimate, non-retaliatory reason for the adverse action. <u>Id.</u> The burden of proof then shifts to Pridemore to establish by a preponderance of the evidence that the proffered reasons are pretextual. <u>Id.</u>

During the two-year time span at issue, there was no EEO activity described in the record.**1** The only protected activity was Pridemore's remark <u>after</u> she received a limited pay increase. Because this activity occurred after the alleged discriminatory act, it cannot serve as the nexus required to demonstrate retaliation. <u>Dwyer v. Smith</u>, 867 F.2d 184, 190-91 (4th Cir. 1989) (providing elements for retaliation claim). Because Pridemore has not established the requisite nexus, she did not make a prima facie case of retaliation.**2** Therefore, the district court properly granted summary judgment to USAir on this claim.

IV

Accordingly, we affirm the order of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

<u>AFFIRMED</u>

_____

**1** Pridemore did not file a complaint with the EEOC until January 1995, after all claimed acts of retaliation occurred.

**2** To the extent that Pridemore's performance evaluation included her reference to employment discrimination, and that the evaluation was an adverse employment action, USAir provided a legitimate, non-discriminatory reason for its action, i.e. that the statement showed poor judgment and was detrimental to morale.

7